NO. 18-11148-158

| KURTIS MAPLES AND | () | IN THE DISTRICT COURT |
| KRESTYNA MAPLES | | |
| | {} | |
| V. | {} | 158 JUDICIAL DISTRICT |
| | {} | |
| BARRETT DAFFIN FRAPPIER TURNER & | | |
| ENGEL, LLP IN REM ONLY, CARRINGTON | | |
| MORTGAGE SERVICES, LLC and | {} | DENTON COUNTY, TEXAS |
| BANK OF AMERICA, N.A. | | |



## PLAINTIFFS' SUIT FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Kurtis Maples and Krestyna Maples, Plaintiffs herein, and files this Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction against Carrington Mortgage Services, LLC, Defendant herein, and in support thereof, shows the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Kurtis Maples, is an individual residing in Denton County, Texas. Plaintiff Plaintiff, Krestyna Maples, is an individual residing in Denton County, Texas.

2. Defendant, Barrett Daffin Frappier Turner & Engel, LLP In Rem Only, may be served by serving its agent, James C. Frappier at 4004 Belt Line Rd., Suite 100, Addison.

3. Defendant, Carrington Mortgage Services, LLC may be served by serving its registered agent for service of process at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas.

4. Defendant, Bank of America, N.A. may be served by serving Bank of America, N.A at Legal Order Processing, P.O. Box 15047, Wilmington, Delaware 19850.

PLAINTIFFS' SUIT FOR DECLARATORY JUDGMENT                                    Page 1 of 9
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND TEMPORARY INJUNCTION

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiffs seek:

    a. To maintain ownership and possession of his home and real property and monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## JURISDICTION

7. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conduction activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

## VENUE

8. Venue in Denton County, Texas is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said section, and this county is where all or part of the real property is located.

## FACTS

9. Plaintiffs home and homestead located at 5057 Brandenburg Lane, The Colony, Texas, has been posted for foreclosure sale and said sale is noticed to take place on December 4, 2018 to begin at 1:00 p.m. or not later than three hours after that time. Plaintiffs are the owners of the

**PLAINTIFFS' SUIT FOR DECLARATORY JUDGMENT**          Page 2 of 9
**AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND TEMPORARY INJUNCTION**

real property the subject of this suit located at 5057 Brandenburg Lane, The Colony, Texas, having purchased said property in the year 2007 and have always maintained and used the property as their homestead. Since approximately the year 2009, Plaintiffs have been embroiled in a horrible back and forth with their mortgage company(ies), and servicer—identified as one time or another as the Defendants, Barrett Daffin Frappier Turner & Engel, LLP In Rem Only, Carrington Mortgage Services, LLP and Bank of America, N.A. The Notice of Acceleration is attached to this petition as Exhibit 1 and incorporated by reference the same as if fully copied and set forth at length herein. The Notice of Substitute Trustee's Sale is attached to this petition as Exhibit 2 and incorporated by reference the same as if fully copied and set forth at length herein, states that the Mortgagee is Carrington Mortgage Services, LLC, 1600 South Douglass Road, Suite 200-A, Anaheim, CA 92806; however, other communications from Defendant identify Carrington Mortgage Services, LLC as acting as the Mortgage Servicer for Bank of America, N.A., who is the mortgagee of the Note and Deed of Trust associated with the loan in question. Defendant has not presented to Plaintiffs via any of any Defendant's foreclosure documentation, to include the notice of acceleration and/or notice of substitute trustee sale, *the original note*, as required, on which Defendants base their foreclosure. Plaintiffs, Kurtis Maples and Krestyna Maples hereby demand to see the original note in question, and demand that Defendants produce said note to Plaintiffs for inspection.

On or about 2009, Plaintiffs began to experience horrific customer service issues with Defendant, Bank of America, N.A., their mortgagor when they were granted a loan modification by Bank of America, N.A. by the modification department but the foreclosure department was not made aware that Defendant Bank of America, N.A. had granted Plaintiffs

**PLAINTIFFS' SUIT FOR DECLARATORY JUDGMENT**     Page 3 of 9
**AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND TEMPORARY INJUNCTION**

a loan modification and said Defendant went forward with foreclosure proceedings against Plaintiffs. The foreclosure was eventually rescinded by Bank of America, but by that time, Bank of American had charged Plaintiffs additional attorneys fees, foreclosure fees and such fees and other added on expenses continued to be charged against Plaintiffs, and protested by Plaintiffs at all times relevant. Additionally, at times relevant, Plaintiffs made their monthly payments, but the Defendants applied such payments to escrow instead of to principal and interest. In all, there were two such situations where Bank of American wrongfully instituted foreclosure proceeding against Plaintiffs and each time, Bank of America had to rescind the or call off the foreclosure. These and other issues that form the basis of this lawsuit are detailed and chronicled in the affidavit of Curtis Maples, which is attached to this petition as Exhibit 3 and incorporated herein by reference as if fully copied and set forth at length herein, and in the affidavit of Krestyna Maples, which is attached to this petition as Exhibit 4 and incorporated herein by reference as if fully copied and set forth at length herein. Since the inception of the issues in 2009, the issues have snowballed and have reached a maddening and ridiculous point, resulting in the posting of the subject foreclosure. Plaintiffs have called the mortgage company and/or servicer ad infinitum and ad nauseam, in attempts to resolve the issue. Since that time, Plaintiffs have been assigned to approximately 24 different account managers for the mortgage companies and/or servicer. The corporate culture pertaining to each Defendant as they related with the Plaintiffs has been simply astounding, as it sometimes seemed as though they told the Plaintiffs anything, and left Plaintiffs with the and the corporate culture at each was, if you ask three different people the same question, Plaintiffs would get three different answers. This last time, approximately in August of 2018, plaintiffs were notified that their request for a loan modification had been

**PLAINTIFFS' SUIT FOR DECLARATORY JUDGMENT**      Page 4 of 9
**AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND TEMPORARY INJUNCTION**

approved, only to find out on the same day that the Defendant(s) were instituting foreclosure proceedings against the Plaintiffs. Even up to the present time, Defendants have claimed that Plaintiffs are not entitled to a loan modification because of items showing on their credit repair; however, the derogatory information on Plaintiffs credit report are the wrongful foreclosures posted by the Defendants and/or derogatory payment information, again only regarding payment of this mortgage note in question, in which Plaintiffs maintain that Defendants' charges, computations, and figures are flat out wrong, and at best are incorrect.

Plaintiffs have filed this suit seeking to enjoin the pending foreclosure in that:
The notice of acceleration does not state any dollar amount sought by Defendants as they seek to accelerate the note; however, Plaintiffs contend that whatever the amount that Defendant is seeking to put forth as the amount due on acceleration of the note, that such amount is incorrect.

Plaintiffs would show that a Substitute Trustee has not been property identified as it is unclear whether the Mortgagor is Bank of America, N.A. or Carrington Mortgage Services, LLC.

Therefore, the Notice of Acceleration is void and fatally defective in that it fails to name, state, or identify who the Substitute Trustee is. The Notice of Substitute Trustee's Sale is void and fatally defective in that it fails to state the amount, in dollars and cents, of the note being accelerated, and thus, did not apprise Plaintiffs of the amount it would take to cure the default. Defendants do not show that Plaintiffs even received proper notice of any default upon which this specific foreclosure may be based.

Based on the above and foregoing, the pending Substitute Trustee's Sale should be enjoined.

The notice of acceleration and the notice of substitute trustee's sale are defective, and the defects are fatal.

Now, after almost 9 years, Defendants, instead of working with Plaintiffs, just want to foreclose.

10. Plaintiffs assert the affirmative defense of the statute of limitations in that the alleged debt that is the subject of this suit is more than 4 years old. Plaintiffs also assert the affirmative defense of laches, in that the alleged debt that is the subject of this suit is more than 4 years old.

11. Unless Defendants herein are immediately enjoined and restrained, Plaintiffs will suffer irreparable harm by losing their home at the foreclosure sale currently set for December 4, 2018.

12. Element for injunctive relief. In light of the above described facts, Plaintiffs seek recovery from Defendants. The nature of the lawsuit is a Declaratory Judgment to prevent a wrongful foreclosure. Defendants do not have the authority to foreclose on this property under Texas law.

13. Plaintiffs are likely to succeed on the merits of this lawsuit because Defendants have failed to comply with the law regarding non-judicial foreclosure.

14. Unless this Honorable Court immediately restrains the Defendants, the Plaintiffs will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiffs complete, final and equitable relief. More specifically, Plaintiffs will show the Court the following:

A. The harm to Plaintiffs is imminent because the foreclosure is set to take place December 4, 2018 at and Plaintiffs will forever loose their property should the foreclosure occur.

B. This imminent harm will cause Plaintiffs irreparable injury in that a sale of their real property will be forever lost.

C. There is no adequate remedy at law which will give Plaintiffs complete, final and equitable relief.

## BOND

15. Plaintiffs are willing to post a reasonable temporary restraining order bond and request the court to set such bond.

16. Plaintiffs have met Plaintiffs' burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs are entitled to the requested temporary restraining order.

17. Plaintiffs request the court to restrain Defendants from suffering irreparable harm by losing the above referenced foreclosure.

18. It is essential that the court immediately and temporarily restrain Defendants herein, from inflicting irreparable harm upon Plaintiffs by foreclosing on the subject property. It is essential that the court act immediately, prior to giving notice to Defendants and a hearing on the matter because no hearing can be held before the sale on December 4, 2018.

19. In order to preserve the status quo during the pendency of this action, Plaintiffs request that the Defendants be temporarily enjoined from inflicting irreparable harm by losing the subject property at foreclosure.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that:

A. Defendants will be cited to appear and answer herein;

B. A temporary restraining order will issue without notice to defendants, restraining Defendants, Defendant's officers, agents, servants, employees, agents servants, successors and assigns, and attorneys from directly or indirectly inflicting irreparable harm on Plaintiffs by selling their home at foreclosure on December 4, 2018;

C. The Court sets a reasonable bond for the temporary restraining order;

D. After notice and hearing, a temporary injunction will issue injoining and restraining Defendants, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly inflicting irreparable harm by selling the subject real property owned by Plaintiffs at foreclosure;

E. For such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: /s/ Shari K. Lamb
**Shari K. Lamb**
Texas Bar No. 11838300
Email: skllaw@flash.net
5301 Village Creek Drive, Suite D
Plano, Texas 75093
(972) 550-7373 Telephone
(972) 550-8460 Fax
Attorney for Plaintiffs

## CERTIFICATE OF CONFERENCE

I certify that diligent attempts to notify counsel for the party against whom ex parte relief is sought have been unsuccessful and the circumstances do not permit additional efforts to give notice.

Signed on this 4th day of December, 2018.

By: _____
Attorney for Plaintiffs